UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATAPHORA INC., ) | |
| ) | |
| Plaintiff(s), ) | No. C09-5749 BZ |
| ) | |
| v. ) | |
| ) | **ORDER DENYING PLAINTIFF'S** |
| JERROLD SETH PARKER, et al., ) | **MOTION TO COMPEL** |
| ) | |
| Defendant(s). ) | |

The only remaining issue in plaintiff's motion to compel (Docket No. 65) is whether defendants are required to produce unredacted copies of transcripts from meetings of the Plaintiffs' Steering Committee (PSC) in the Chinese drywall litigation. See Plaintiff's November 10, 2010 Letter (Docket No. 81). Because defendants have already produced redacted transcripts that are responsive to plaintiff's document requests, I find there is no reason to compel any further production and **DENY** plaintiff's motion to compel.

Plaintiff's request for production numbers 3 and 7 asked defendants to produce documents directly relating to plaintiff. Specifically, request for production number 3

1

1  asked for communications and documents from the PSC regarding
2  plaintiff.  Request for production number 7 asked for
3  transcripts, other recordings, and minutes during which
4  plaintiff was discussed by the PSC and others.  According to
5  defendants, there are only three documents responsive to these
6  requests and they are transcripts from PSC meetings where the
7  plaintiffs where discussed at times.  Defendants have produced
8  these transcripts, but redacted portions of the transcripts
9  containing discussions that are not related to the plaintiff.
10 There is nothing improper about this production.  Plaintiff's
11 document requests only asked for documents relating to
12 plaintiff, and the defendants produced this information.
13 Defendants were not asked and are not required to produce the
14 redacted portions of the transcripts that discuss the Chinese
15 drywall litigation.  Because defendants' production was
16 responsive to plaintiff's request, I do not need to decide
17 whether the work product doctrine applies to the redacted
18 portions of the transcript.[1]
19 ///
20 ///
21 ///
22 ///

---

[1] Plaintiff's argument, without any proof, that the redacted transcripts "are incomplete and contain a number of omissions" is not well taken.  At the September 13, 2010 discovery phone conference on this issue, I informed both parties that I do not ordinarily review in camera whether redactions were properly made because FRCP 11 and FRCP 26(g) address that concern.  During this conference, I also informed both parties that it would be sufficient if defendants produced redacted transcripts.  Defendants did just that.

Based on the above, plaintiff's motion to compel is **DENIED.**

Dated: November 12, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\CATAPHORA V. PARKER\MOTION TO COMPEL ORDER.wpd

3