1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | CATAPHORA INC.,              )
                                 )
12 |          Plaintiff(s),       )      No. C09-5749 BZ
                                 )
13 |     v.                      )
                                 )    **SECOND ORDER SCHEDULING**
14 | JERROLD SETH PARKER, et al.,) **JURY TRIAL AND**
                                 )    **PRETRIAL MATTERS**
15 |          Defendant(s).       )
   |_____)

16

17      Following the pretrial conference, **IT IS HEREBY ORDERED**

18 that the trial is continued.  Discovery is reopened for the

19 limited purpose of defendant taking discovery with respect to

20 plaintiff's newly disclosed theory for damages.  Defendant

21 must complete this discovery by **May 18, 2011.**  Defendant is

22 also granted leave to file a motion for summary judgment.

23 Based on the parties' stipulation, plaintiffs second and third

24 claims for relief against defendant Leonard Davis are

25 dismissed.  **IT IS FURTHER ORDERED** as follows:

26 1.    DATES

27 Trial Date: **Monday, 9/12/2011, 5 days**

28 Pretrial Conference: **Tuesday, 8/23/2011, 4:00 p.m.**

1

1   Last Day for Court to Hear Defendant's Motion for Summary
2   Judgment: **Wednesday, 7/20/2011**

3   2.   DISCOVERY

4          In the event a discovery dispute arises, **lead counsel** for
5   each party shall meet in person or, if counsel are outside the
6   Bay Area, by telephone and make a good faith effort to resolve
7   their dispute.  Exchanging letters or telephone messages about
8   the dispute is insufficient.  The Court does not read
9   subsequent positioning letters; parties shall instead make a
10  contemporaneous record of their meeting using a tape recorder
11  or a court reporter.

12         In the event they cannot resolve their dispute, the
13  parties must participate in a telephone conference with the
14  Court **before** filing any discovery motions or other papers.
15  The party seeking discovery shall request a conference in a
16  letter filed electronically not exceeding two pages (with no
17  attachments) which briefly explains the nature of the action
18  and the issues in dispute.  Other parties shall reply in
19  similar fashion within two days of receiving the letter
20  requesting the conference.  The Court will contact the parties
21  to schedule the conference.

22  3.   MOTIONS

23         Consult Civil Local Rules 7-1 through 7-5 and this
24  Court's standing orders regarding motion practice.  Motions
25  for **summary judgment** shall be accompanied by a statement of
26  the material facts not in dispute supported by citations to
27  admissible evidence.  The parties shall file a joint statement
28  of undisputed facts where possible.  If the parties are unable

2

1 | to reach complete agreement after meeting and conferring, they
2 | shall file a joint statement of the undisputed facts about
3 | which they do agree.  Any party may then file a separate
4 | statement of the additional facts that the party contends are
5 | undisputed.  A party who without substantial justification
6 | contends that a fact is in dispute is subject to sanctions.

7 | In addition to **lodging** a Chambers copy of all papers, a
8 | copy of all briefs shall be e-mailed in WordPerfect or Word
9 | format to the following address: bzpo@cand.uscourts.gov.

10 | 4.    PRETRIAL CONFERENCE

11 | Not less than thirty days prior to the date of the
12 | pretrial conference, the parties shall meet and take all steps
13 | necessary to fulfill the requirements of this Order.

14 | Not less than twenty-one days prior to the pretrial
15 | conference, the parties shall: (1) serve and file a joint
16 | pretrial statement, containing the information listed in
17 | **Attachment 1**, and a proposed pretrial order; (2) serve and
18 | file trial briefs, Daubert motions, motions *in limine*, and
19 | statements designating excerpts from discovery that will be
20 | offered at trial (specifying the witness and page and line
21 | references); (3) exchange exhibits, agree on and number a
22 | joint set of exhibits and number separately those exhibits to
23 | which the parties cannot agree; (4) deliver all marked trial
24 | exhibits directly to the courtroom clerk, Ms. Yiu; (5) deliver
25 | one extra set of all marked exhibits directly to Chambers; and
26 | (6) submit all exhibits in three-ring binders no wider than
27 | three inches.  Each exhibit shall be marked with an exhibit
28 | label as contained in **Attachment 2**.  The exhibits shall also

3

1  be separated with correctly marked side tabs so that they are
2  easy to find.

3      No party shall be permitted to call any witness or offer
4  any exhibit in its case in chief that is not disclosed at
5  pretrial, without leave of Court and for good cause.

6      Lead trial counsel for each party shall meet and confer
7  in an effort to resolve all disputes regarding anticipated
8  testimony, witnesses and exhibits. All Daubert motions,
9  motions *in limine*, and objections will be heard at the
10 pretrial conference. Oppositions to any motions shall be
11 filed and served not less than **eleven days** prior to the
12 conference. There shall be no replies. Not less than **eleven**
13 **days** prior to the pretrial conference, the parties shall serve
14 and file any objections to witnesses or exhibits or to the
15 qualifications of an expert witness. Oppositions shall be
16 filed **five days** prior to the conference. There shall be no
17 replies.

18     Not less than twenty-one days prior to the pretrial
19 conference the parties shall serve and file requested voir
20 dire questions, jury instructions, and forms of verdict. The
21 following jury instructions from the *Manual of Model Civil*
22 *Jury Instructions for the Ninth Circuit* (2007 ed.) will be
23 given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11,
24 3.1-3.3. Do not submit a copy of these instructions. Counsel
25 shall submit a joint set of case specific instructions. Any
26 instructions on which the parties cannot agree may be
27 submitted separately. The Ninth Circuit Manual should be used
28 where possible. Each requested instruction shall be typed in

4

1  full on a separate page with citations to the authority upon
2  which it is based.  Proposed jury instructions taken from the
3  Ninth Circuit Manual need only contain a citation to that
4  source.  Any modifications made to proposed instructions taken
5  from a manual of model instructions must be clearly indicated.
6  In addition, all proposed jury instructions should conform to
7  the format of the Example Jury Instruction attached to this
8  Order.  Not less than eleven days prior to the pretrial
9  conference, the parties shall serve and file any objections to
10  separately proposed jury instructions.

11      Jury instructions that the Court has given in prior cases
12  may be downloaded from the Northern District website at
13  **http:\\www.cand.uscourts.gov**.  (Instructions are located on
14  the "Judge Information" page for Magistrate Judge Zimmerman).
15  The Court will generally give the same instructions in cases
16  involving similar claims unless a party establishes, with
17  supporting authorities, that the instruction is no longer
18  correct or that a different instruction should be given.  CACI
19  instructions generally will be given instead of BAJI
20  instructions.

21      A copy of all pretrial submissions, except for exhibits,
22  shall be e-mailed in WordPerfect or Word format to the
23  following address: bzpo@cand.uscourts.gov.

24      At the time of filing the original with the Clerk's
25  Office, two copies of all documents (but only one copy of the
26  exhibits) shall be delivered directly to Chambers (Room 15-
27  6688).  Chambers' copies of all pretrial documents shall be
28  three-hole punched at the side, suitable for insertion into

5

1 | standard, three-ring binders,

2 | Dated: March 8, 2011

3 | _____

        Bernard Zimmerman
4 |     United States Magistrate Judge

1            **ATTACHMENT 1**

2         The parties shall file a joint pretrial conference
   statement containing the following information:

3
         (1) **The Action.**
4
              (A)   Substance of the Action. A
5                   brief description of the
                    substance of claims and
6                   defenses which remain to be
                    decided.
7
              (B)   Relief Prayed. A detailed
8                   statement of each party's
                    position on the relief
9                   claimed, particularly
                    itemizing all elements of
10                  damages claimed as well as
                    witnesses, documents or other
11                  evidentiary material to be
                    presented concerning the
12                  amount of those damages.

13        (2) **The Factual Basis of the Action.**

14            (A)   Undisputed Facts. A plain and
                    concise statement of all
15                  relevant facts not reasonably
                    disputable, as well as which
16                  facts parties will stipulate
                    for incorporation into the
17                  trial record without the
                    necessity of supporting
18                  testimony or exhibits.

19            (B)   Disputed Factual Issues. A
                    plain and concise statement of
20                  all disputed factual issues
                    which remain to be decided.
21
              (C)   Agreed Statement. A statement
22                  assessing whether all or part
                    of the action may be presented
23                  upon an agreed statement of
                    facts.
24
              (D)   Stipulations. A statement of
25                  stipulations requested or
                    proposed for pretrial or trial
26                  purposes.

27        (3) **Trial Preparation.**

28        A brief description of the efforts the parties have

                                7

1   made to resolve disputes over anticipated testimony,
    exhibits and witnesses.

2

3           (A)   Witnesses to be Called. In
                  lieu of FRCP 26(a)(3)(A), a
                  list of all witnesses likely
4                 to be called at trial, other
                  than solely for impeachment or
5                 rebuttal, together with a
                  brief statement following each
6                 name describing the substance
                  of the testimony to be given.

7
            (B)   Estimate of Trial Time. An
8                 estimate of the number of
                  court days needed for the
9                 presentation of each party's
                  case, indicating possible
10                reductions in time through
                  proposed stipulations, agreed
11                statements of facts, or
                  expedited means of presenting
12                testimony and exhibits.

13          (C)   Use of Discovery Responses. In
                  lieu of FRCP 26(a)(3)(B), cite
14                possible presentation at trial
                  of evidence, other than solely
15                for impeachment or rebuttal,
                  through use of excerpts from
16                depositions, from
                  interrogatory answers, or from
17                responses to requests for
                  admission.  Counsel shall
18                state any objections to use of
                  these materials and that
19                counsel has conferred
                  respecting such objections.

20
            (D)   Further Discovery or Motions.
21                A statement of all remaining
                  motions, including Daubert
22                motions.

23      (4) **Trial Alternatives and Options.**

24          (A)   Settlement Discussion. A
                  statement summarizing the
25                status of settlement
                  negotiations and indicating
26                whether further negotiations
                  are likely to be productive.

27
            (B)   Amendments, Dismissals. A
28                statement of requested or

                          8

1
2

                    proposed amendments to
                    pleadings or dismissals of
                    parties, claims or defenses.

3
4
5

     (C)  Bifurcation, Separate Trial of
          Issues. A statement of whether
          bifurcation or a separate
          trial of specific issues is
          feasible and desired.

6

(5) **Miscellaneous.**

7
8

     Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

9

# ATTACHMENT 2

**USDC**
Case No. CV09-05749 BZ
**JOINT** Exhibit No._____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-05749 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV09-05749 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No.  CV09-05749 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No.  CV09-05749 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-05749 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV09-05749 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-05749 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV09-05749 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-05749 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV09-05749 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV09-05749 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

---