1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   CATAPHORA INC.,              )
                                  )
12            Plaintiff(s),       )        No. C09-5749 BZ
                                  )
13        v.                      )
                                  )        **ORDER GRANTING IN PART AND**
14   JERROLD SETH PARKER, et al.,)         **DENYING IN PART DEFENDANTS'**
                                  )        **MOTION FOR SUMMARY JUDGMENT**
15            Defendant(s).       )
     ─────────────────────────────)

16

17        Last year, plaintiff moved for summary judgment arguing

18   that defendants were liable for the $366,000 non-refundable

19   fee that the parties had agreed to in their contract

20   regardless of the amount of damages plaintiff actually

21   suffered.  I denied plaintiff's motion, finding that the non-

22   refundable fee was an illegal penalty under California law.

23   Now defendants have moved for summary judgment.  Docket No.

24   132.  For the reasons explained below, defendants' motion for

25   summary judgment is **GRANTED IN PART AND DENIED IN PART.**[1]

26        First, defendants argue that they properly terminated the

27   ─────────────────────

28        [1]   The parties have consented to the Court's
     jurisdiction for all proceedings, including entry of final
     judgment under 28 U.S.C. § 636(c).

                                 1

agreement and therefore cannot be liable for breach of
contract.  Defendants made the same argument last year; it did
not persuade me because there was no evidence that clear
notice of termination as required by the contract had been
provided to plaintiff.  As I explained then, the contract
allowed a party to terminate the agreement by providing
written notice to the other party based on the contact
information identified at the beginning of the contract.  See
Agreement at ¶¶ 2.2(e); 10.1.  Plaintiff identified Jonathan
Nystrom as the individual who should receive notice of any
termination at either the company's address or Nystrom's e-
mail address.  Id. at 1.  Defendants have again failed to
point to any evidence in the record showing that they sent
Nystrom notice that they were terminating the contract.
Instead, defendants rely on what they call "termination" e-
mails, which are at times ambiguous, that were sent to other
employees of plaintiff besides Nystrom.  Defendants concede at
one point in their reply that their efforts to terminate the
contract "[were] not done pursuant to the letter of the
Agreement."  Reply at 3.  Accordingly, a genuine issue remains
for trial about whether defendants breached the contract.

     Defendants next argue that even if they breached the
contract, they are entitled to summary judgment because
plaintiff is not entitled to damages or suffered no damages.
The proper determination of plaintiff's damages, if there are
any, is an issue that has confused both parties.  I denied
plaintiff's summary judgment motion because the $366,000 non-
refundable fee it sought had no relation to its actual damages

and was therefore an illegal penalty.[2]  See Docket No. 83 at 4.  But my ruling did not bar plaintiff from recovering any damages.  Rather, I concluded that plaintiff may recover its actual damages, according to proof, if it establishes that defendants breached the contract.  See id.  This is in accord with Freedman v. The Rector which stated that if a contract provision resulted in an illegal penalty the wronged party would still be able to collect its actual damages.  37 Cal.2d 16, 22-23 (1951).  See also Perdue v. Crocker National Bank, 38 Cal.3d 913, 931, (1985) ("A contractual provision imposing a 'penalty' is ineffective, and the wronged party can collect only the actual damages sustained"); Honey v. Henry's Franchise Leasing Corp. of America, 64 Cal.2d 801, 803 (1966)("The rule of the Freedman case precludes penalties and forfeitures by denying the vendor the right on the vendee's default to retain both the property and any payments that have been made in excess of the actual damages caused by the default.  The Freedman case, however, did not restrict the right of a vendor to realize the benefit of his bargain.  Instead, it invoked the provisions of the Civil Code governing damages to determine the amount of the vendee's

---

[2]     During the hearing, plaintiff argued that the $366,000 non-refundable fee was related to its actual damages, because, although the fee was to cover 2 years of work, the nature of the work required that most of it be performed very early in the contract, so that even if defendants properly terminated the contract at an early stage, much of plaintiff's work would have already been done.  There was no evidentiary support for this argument in the record last year, in reply to defendant's illegal penalty argument, and there is no support in the record now.

recovery.")(internal citations omitted).[3]  Accordingly, to the extent that defendants' motion is premised on the notion that plaintiff is precluded as a matter of law from recovering its actual damages, the motion is **DENIED**.

The more troublesome issue is what damages if any plaintiff can prove.  Following my earlier ruling, plaintiff amended its damage theory to reflect the actual damages it claims to have sustained, which it calculates at about $325,000.  Essentially, plaintiff's calculation assumes that it would have been paid $366,000 had it performed the contract, backs out certain expenses and costs and concludes that $325,000 would have been its profit or "the benefit of the bargain" which it is entitled to recover.

Defendants challenge these damage calculations on the grounds that they are not permitted by California law nor by the contractual limitation on consequential and incidental damages.  With its opposition, plaintiff introduced evidence that it was approached by at least one other party involved in the Katrina litigation to provide litigation support services and that it turned that work down because defendants required that it work exclusively for them.  While defendants may be

---

[3]      I note that the determination of contract damages is case-specific.  As explained in <u>Brandon & Tibbs et al., v.</u> <u>George Kevorkian Accountancy Corporation</u>: "The rules of law governing the recovery of damages for breach of contract are very flexible.  Their application in the infinite number of situations that arise is beyond question variable and uncertain.  Even more than in the case of other rules of law, they must be regarded merely as guides to the court, leaving much to the individual feeling of the court created by the special circumstances of the particular case."  226 Cal.App.3d 442, 455 (1990)(citing 5 Corbin, Contracts, § 1002, p. 33).

1  correct that the loss of this work may be a consequential or

2  incidental damage barred by paragraph 9.2 of the contract,

3  plaintiff does not appear to be claiming such damages in its

4  damage calculation.

5       Defendants' more potent challenge is whether the $325,000

6  in damages plaintiff seeks are permitted by California

7  contract law.[4]  California law permits a party who establishes

8  a breach of contract to recover damages reasonably foreseeable

9  at the time the contract was entered.  Amelco Electric v. City

10  of Thousand Oaks, 27 Cal.4th 228, 243 (2002).  Plaintiff

11  assumes that it would have performed the contract for the

12  entire two year term even though the contract, which it

13  drafted, allowed either party to terminate the contract on 30

14  days notice.  Whether it was reasonably foreseeable that

15  plaintiff's damages for breach would be for the entire two

16  year period is an interesting issue which neither side has

17  briefed.

18       For purposes of this motion, plaintiff is entitled to

19  recover the actual damages it sustained that resulted from any

20  breach it proves.  The jury will be instructed that they are

21  to award only damages that were reasonably foreseeable at time

22  of contract.  See CACI 350; Sun-Maid Raisin Growers v. Victor

23  Parking Co., 146 Cal.App.3d 787, 790 (1983).  Plaintiff has

24  ────────────────

25       [4]    Defendants also contend that in the event of a
   breach, section 2.3 of the contract precludes plaintiff from
26  recovering anything other than outstanding invoices.  While
   that section does permit the recovery of outstanding invoices,
27  nothing in it suggests that section is the exclusive measure of
   damages in the event of the breach or that it is intended to
28  supplant traditional California law governing breach of
   contract damages.

1  introduced evidence that it incurred a variety of start-up

2  costs in anticipation of performing under the contract.  See

3  for example Declaration of Mark Epstein, paragraph 4 and 5.

4  Plaintiff may also be entitled to any profit it can establish

5  it would have earned during whatever period of time it can

6  prove the contract was in effect before it was breached.

7  Accordingly, there remain triable issues of fact with respect

8  to plaintiff's actual damages and defendants' motion for

9  summary judgment is **DENIED**.

10       Finally, defendants correctly argue that the plaintiff's

11  common count causes of action fail as a matter of law because

12  they are based on the $366,000 invoice that was deemed

13  unlawful by my previous order.  To be actionable, plaintiff's

14  common counts both require a valid statement of indebtedness.

15  Plaintiff's initial invoice cannot suffice as this statement

16  of indebtedness because it was found to be an illegal penalty.

17  See <u>Farmers Ins. Exchange v. Zerin</u>, 53 Cal.App.4th 445, 460

18  (1997)(holding that plaintiff's common count, premised on the

19  existence of an equitable lien, failed because the Court had

20  determined that the equitable lien was invalid).

21       For the foregoing reasons, **IT IS HEREBY ORDERED** that

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1   defendants' motion for summary judgment is **GRANTED IN PART AND**

2   **DENIED IN PART.**[5]

3   Dated: July 22, 2011

4                                            _____

5                                                   Bernard Zimmerman
                                             United States Magistrate Judge
6

7

8

G:\BZALL\-BZCASES\CATAPHORA V. PARKER\ORDER DENYING DEFENDANT'S SUMMARY JUDGMENT MOTION.BZ
9   VERSION 2.FINAL RULING.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

_____

26        [5]    The parties have filed over 30 pages of evidentiary
    objections and responses to those objections.  In reaching my
27  decision, I did not rely on much of the evidence subject to
    these objections.  To the extent there are objections to the
28  few documents cited in this Order, the objections are
    **OVERRULED**.
                                    7