1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  CATAPHORA INC.,                )
                                   )
12            Plaintiff(s),        )       No. C09-5749 BZ
                                   )
13       v.                        )
                                   )       **PRETRIAL ORDER**
14  JERROLD SETH PARKER, et al.,)
                                   )
15            Defendant(s).        )
    _____)

16

17       The pretrial conference in this case was held on August

18  23, 2011.  Plaintiff was represented at the conference by

19  William Farrer, Esq.  Defendants were represented by Niki

20  Okcu, Esq. and Christopher Lavorato, Esq.

21       This Order shall control the subsequent conduct of the

22  case and be modified only to prevent manifest injustice.  See

23  Fed. R. Civ. P. 16(e).

24       **1.  LENGTH AND TIME OF TRIAL**

25       Trial shall begin on **Monday, September 12, 2011 at 8:30**

26  **a.m.** in **Courtroom C**, 15th Floor, Federal Building, 450 Golden

27  Gate Avenue, San Francisco, California 94102.  The trial

28  schedule is as follows:  8:30 a.m. - 1:30 p.m.

1    Plaintiff shall be prepared to call witnesses **Monday,**
2  **September 12, 2011.**  Each side shall schedule witnesses to
3  avoid any interruption in the presentation of testimony.
4  Plaintiff shall have **8 hours** to present evidence.  Defendant
5  shall have **7 hours.**

6    **2.  VOIR DIRE**

7    Any objections to the voir dire questions distributed at
8  the conference, or requests for additional questions, shall be
9  filed by **August 30, 2011.**

10    **3.  MOTIONS**

11    Plaintiff's **Motion in Limine No. 1**, to exclude reference
12  to an illegal success fee, is **DENIED** to the extent that
13  defendants may testify that their belief that the contract
14  contained an illegal success fee played a part in the
15  parties' negotiations.  At the same time, unless defendants
16  have something new to offer, the Court is prepared to
17  instruct the jury that the contract does not contain an
18  illegal success fee provision.  The parties shall either
19  agree to a joint instruction or propose separate instructions
20  by **August 30, 2011.**

21    Plaintiff's **Motion in Limine No. 2**, is **DENIED** to the
22  extent that defendants seek to introduce such evidence to
23  explain the circumstances pursuant to which they believe they
24  terminated the contract.  Defendants will not be permitted to
25  testify to ultimate legal conclusions about the contractual
26  provisions but will be permitted to testify to their state of
27  mind about what the contract meant to the extent it is
28  relevant to the claims and defenses of the parties.

1    Plaintiff's **Motion in Limine No. 3**, to exclude Laykin's
2  testimony is **DENIED**. Under the circumstances under which
3  this case has unfolded, the Court has accommodated the
4  parties desire to engage experts and take discovery in late
5  fashion. Plaintiff has had an opportunity to depose Laykin
6  and does not appear to have demanded a report prior to taking
7  his deposition. That said, neither Laykin nor any witness
8  will be permitted to offer legal conclusions. For example,
9  Laykin's first opinion, that the agreement between the
10 parties "lacks sufficient detail to adequately define
11 damages" appears to be a legal conclusion. Laykin must
12 ground his opinions on his knowledge of the field in which he
13 appears to have expertise and not on his view of the law.

14    Plaintiff's **Motion in Limine No. 4**, to exclude the
15 testimony of defendants other than Parker and Gordon, is
16 **DENIED**. Plaintiff has chosen to name each of the defendants
17 and cites no basis for precluding a party against whom a
18 judgment is sought from testifying. While the Court is
19 concerned about undue consumption of jury time with redundant
20 testimony, the time limits it intends to oppose should
21 adequately address that concern.

22    Defendants' **Motion in Limine No. 1**, to exclude evidence
23 of Cataphora's actual damages, is **DENIED**. For the reasons
24 explained in the Order Denying Defendants' Motion for Summary
25 Judgment, Cataphora is entitled to recover its actual
26 damages. The amount of Cataphora's damages is for the jury
27 to decide. The criticisms that defendants have raised of
28 plaintiff's damage theory can be addressed through cross

3

1  examination and in closing argument.

2       Defendants' **Motion in Limine No. 2**, to exclude evidence
3  that plaintiff is entitled to the $366,000 fee, is **GRANTED** to
4  the extent that plaintiff is precluded from arguing to the
5  jury that it is entitled to recover the $366,000 fee without
6  proving its damages, but otherwise **DENIED**.  The parties are
7  **ORDERED** to either stipulate to a joint instruction which will
8  advise the jury that the Court has ruled that the $366,000
9  fee is an illegal penalty or submit proposed separate
10 instructions by **August 30, 2011**.

11      Defendants' **Motion in Limine No. 3,** to exclude
12 settlement communications, is **GRANTED** without objection.

13      Defendants' **Motion in Limine No. 4** is **GRANTED** to the
14 extent that plaintiff is precluded from offering evidence of
15 defendants' wealth or financial status.  It is **DENIED** to the
16 extent that defendants are seeking to preclude plaintiff from
17 introducing evidence that defendants are sophisticated
18 attorneys which may assist the jury in understanding
19 contractual negotiations.  Plaintiff is cautioned not to
20 engage in excessive inquiry into a "employment history,
21 professional affiliations and careers" of any of the
22 individual defendants.  The Court will limit such inquiry if
23 it becomes cumulative and marginally relevant.

24      Defendants' **Motion in Limine No. 5**, to exclude evidence
25 of the settlement in the underlying litigation, is **GRANTED**
26 without objection.

27      Defendants' **Motion in Limine No. 6**, to exclude evidence
28 of defendants' fees in other litigation is **GRANTED** without

4

1 | reach a complete agreement after meeting and conferring, they
2 | may file separate statements about the issues still in
3 | dispute.
4 | **6.   MISCELLANEOUS**
5 |     Any party who desires a transcript of the trial must
6 | make arrangements with the Court Services Coordinator, Debra
7 | Campbell.  Any party who needs an interpreter or audio or
8 | visual equipment shall make its own arrangements for same and
9 | clear all such equipment with court security personnel.  For
10 | any equipment the parties seek to bring into Court, they
11 | shall file a proposed order seeking permission to do so.  The
12 | parties are instructed to notify the Court **immediately** if
13 | this action should settle before the commencement of trial.
14 | Dated: August 24, 2011

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\CATAPHORA V. PARKER\PRETRIAL 2\PRETRIAL ORDER 2.wpd