UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATAPHORA INC., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> JERROLD SETH PARKER, et al.,) <br> ) <br> Defendant(s). ) <br> ──────────────────────────── ) | No. C09-5749 BZ <br><br> **ORDERING GRANTING PLAINTIFF NONTAXABLE COSTS** |

On December 27, 2011, the Clerk taxed costs in the amount of $17,565.76 against Defendants.[1] Plaintiff now moves for additional costs under the parties' contract in the amount of $33,231.90, for expert witness fees, travel expenses, jury consultant fees, deposition costs, printing/copying costs and

---

[1] The determination of taxable costs is governed by 28 U.S.C. § 1920 and, more particularly, Civil L.R. 54-3, which specifically enumerates the standards for costs recoverable in this District. This court may only tax costs explicitly authorized by § 1920. See Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177-78 (9th Cir. 1990); see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442(1987). Section 1920 permits the taxing of costs for various items, such as deposition transcripts and copying of papers, if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920.

1  postage/messenger costs.  The contractual provision upon which
2  Plaintiff relies states that the "prevailing party in any
3  legal action ... shall be entitled ... to reimbursement for
4  its costs and expense [sic] (including court costs and
5  reasonable fees for attorneys and expert witnesses) incurred
6  with respect to the bringing and maintaining of any such
7  action."

8    Because Plaintiff is relying on the parties' contract in
9  order to recover costs beyond those permitted under 28 U.S.C.
10 § 1920, California law governs.  When sitting in its diversity
11 jurisdiction, a federal court must follow the substantive law
12 as derived from the state's statutes and the state's highest
13 court decisions.  See Vernon v. City of Los Angeles, 27 F.3d
14 1385, 1391 (9th Cir. 1994).  In determining state law where
15 the state's highest court has not yet ruled on an issue, a
16 federal court may consider state appellate court opinions,
17 statutes and treatises to "determine what result the state
18 supreme court would reach."  Id. (citations omitted).  The
19 California Supreme Court has not yet ruled on whether a
20 prevailing party may recover out-of-pocket expenses such as
21 expert fees, postage and telephone/photocopying charges
22 pursuant to contract (see Davis v. KGO-T.V., 17 Cal. 4th 436,
23 446 fn. 5 (1998)), and there is a split of appellate authority
24 on this issue.  One appellate court has allowed counsel's
25 out-of-pocket costs to be recovered from the prevailing party,
26 even items specifically not allowable as costs under Code Civ.
27 Proc. § 1033.5(b).  See Bussey v. Affleck, 225 Cal. App. 3d
28

2

1162, 1165, 1167 (1990).[2] Another court has limited recovery to statutory costs. See Ripley v. Pappadopoulos, 23 Cal. App. 4th 1616, 1619 (1994).[3]

While an undefined general contractual provision entitling a prevailing party to "reasonable attorneys' fees and costs" may not extend to expert fees, that is not the situation presented here. Here, the parties negotiated and entered into a contract that entitles the prevailing party "to reimbursement for its costs and expense [sic] (including court costs and reasonable fees for attorneys and expert witnesses) ... ." Unlike the contracts in Ripley and Bussey and other reported cases, this contract expressly allows for recovery of

---

[2] In Bussey, the trial court refused to allow recovery of expert witness fees to a prevailing plaintiff. The Court of Appeal reversed, concluding that where a contract between the parties provides for the payment of costs and attorney fees, expenses of experts paid by counsel may be recovered as attorney fees if they represent an expense ordinarily billed to a client rather than an overhead component of the attorney's hourly rate. Id. at 1166.

[3] In Ripley, the court disagreed with Bussey and concluded instead that because the express provisions of section 1033.5 do not allow for recovery of expert witness expenses as costs, except where the expert was ordered by the court, such costs are not recoverable. Ripley, 23 Cal. App. 4th at 1624-25. Nearly every subsequent reported decision considering the issue has followed Ripley and rejected Bussey, concluding that "contractual costs provisions are presumed to adopt the statutory definition [contained in section 1033.5] absent evidence to the contrary." Hsu v. Semiconductor Systems, Inc., 126 Cal. App. 4th 1330, 1341-1342 (2005); see also Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co., 47 Cal. App. 4th 464, 491-492 (1996); Fairchild v. Park, 90 Cal. App. 4th 919, 931 (2001); Steiny & Co. v. California Electric Supply Co., 79 Cal. App. 4th 285, 293-294 (2000); First Nationwide Bank v. Mountain Cascade, Inc., 77 Cal. App. 4th 871, 878 (2000); Robert L. Cloud & Associates, Inc. v. Mikesell, 69 Cal. App. 4th 1141, 1154 (1999); California Housing Finance Agency v. E.R. Fairway Associates I, 37 Cal. App. 4th 1508, 1514-1515 (1995).

3

expert fees. There is thus no concern, as expressed by Ripley and other courts, of conflating attorney fees with expert fees. Cf. Hsu v. Semiconductor Systems, Inc., 126 Cal. App. 4th 1330, 1342 (2005) ("Nor may the disputed costs be awarded to plaintiff as an element of attorney fees under the rationale that the expenses were disbursed by the attorneys in the course of litigation.").[4] I therefore find that Plaintiff is entitled to recover the costs of its expert witnesses pursuant to the parties' contract, which specifically itemizes reasonable expert witness fees as a recoverable expense.

With respect to the other costs sought by Plaintiff, I choose to follow Bussey for a number of reasons. First, it is the better reasoned case. As the Supreme Court has recognized on many occasions, parties are free to enter into contracts which shift attorneys' fees and costs to the prevailing party. See, e.g., Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 257 (1975); Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967). To construe a provision which expressly permits the prevailing party to recover costs in addition to court costs as limiting the prevailing party to statutorily recoverable court costs would undermine this long standing rule for no apparent purpose. I agree with the Bussey court that to prevent parties from so contracting would "impair the effectiveness of contractual ...

---

[4] Indeed, given the express itemization of expert witness fees in this contract as a recoverable expense separate and apart from attorneys' fees, the parties perhaps drafted this provision to contract around the issues presented in Ripley.

4

costs provisions and prevent the prevailing party from being made whole." Bussey, 225 Cal. App. 3d at 1166; see also Arntz, 47 Cal. App. 4th at 491-92 ("While it is reasonable to interpret a general contractual cost provision by reference to an established statutory definition of costs, we do not discern any legislative intent to prevent sophisticated parties from freely choosing a broader standard authorizing recovery of reasonable litigation charges and expenses."). A rule that limits parties that incorporate express cost-shifting provisions in their contracts, to the costs permitted by section 1033.5 would negate the contract provision, since the prevailing party is already entitled to statutory taxable costs.

Second, permitting parties to contract for reimbursement of reasonable litigation costs beyond those authorized by statute is consistent with federal law. See, eq., In re Media Vision Tech. Sec. Litig, 913 F. Supp. 1362, 1366 (N.D. Cal. 1995) (costs and expenses "are subject to a test of relevance and reasonableness in amount . . . . The judge must look at the practical and reasonable needs of the party in the context of the litigation."); see also In re Immune Response Sec. Litig., 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007) (awarding expenses for travel costs, filing fees, photocopies, messenger services, and computerized legal research). Finally, as stated above, the cost provision in this contract is broader than the provisions in Ripley and Bussey, and therefore also supports an award of reasonable costs beyond those costs itemized in section 1033.5.

Defendants also contend that Plaintiff may not recover non-taxable costs because it did not prove them at trial as damages, citing <u>Hsu</u> and <u>Arntz</u>. To apply these cases outside the context of an indemnification action such as <u>Arntz</u>, is unsound. In a suit for breach of a contractual indemnification provision, in which the plaintiff seeks to recover litigation costs incurred because of the breach as an element of damages, it makes sense for costs to be proven at trial. But in cases such as this one, where reimbursement hinges on which party is the "prevailing party," requiring costs to be pleaded and proven at trial would waste judicial resources and inject confusion because both parties would be required to put on evidence of their respective costs.[5] Again, this contract – negotiated and executed by sophisticated parties – includes specific language entitling the prevailing party to reasonable costs and expenses (including court costs and reasonable expert and attorney fees). Since the contract clearly distinguishes between the recovery of attorney fees and the recovery of costs, there is no risk of an "unwarranted conflation of fees and costs." <u>Hsu</u>, 126 Cal. App. 4th at 1342. Plaintiff should be entitled to recover its reasonable costs of litigation because they "represent expenses ordinarily billed to a client and are not

---

[5] Moreover, the procedure for obtaining attorneys' fees and costs when those amounts are not being sought as an element of damages is by way of a memorandum of costs, which is timely so long as submitted no more than 10 days after entry of the judgment. <u>See</u> Cal. Rules Ct., Rule 3.1700(a)(1); Cal. Code Civ. Proc. §§ 1033, 1034(a); <u>see also</u> <u>Silverado Modjeska Recreation & Park Dist. v. County of Orange</u>, 197 Cal. App. 4th 282 (2011).

6

included in the overhead component of counsel's hourly rate." <u>Bussey</u>, 225 Cal. App. 3d at 1166.

**IT IS THEREFORE ORDERED** that, Plaintiff is entitled to recover nontaxable costs in the amount of $33,231.90.[6]

Dated: January 20, 2012

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\CATAPHORA V. PARKER\ORDER ON NONTAXABLE COSTS.wpd

---

[6] Defendants did not challenge any specific cost as unreasonable.

7