1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11   CATAPHORA INC.,                )
                                     )
12              Plaintiff(s),        )        No. C09-5749 BZ
                                     )
13        v.                         )        **ORDERING GRANTING PLAINTIFF**
                                     )        **NONTAXABLE COSTS**
14   JERROLD SETH PARKER, et al.,)
                                     )
15              Defendant(s).        )
     _____)
16

17        On December 27, 2011, the Clerk taxed costs in the amount

18   of $17,565.76 against Defendants.¹  Plaintiff now moves for

19   additional costs under the parties' contract in the amount of

20   $33,231.90, for expert witness fees, travel expenses, jury

21   consultant fees, deposition costs, printing/copying costs and

22   _____

23        ¹     The determination of taxable costs is governed by 28
     U.S.C. § 1920 and, more particularly, Civil L.R. 54-3, which
24   specifically enumerates the standards for costs recoverable in
     this District.  This court may only tax costs explicitly
25   authorized by § 1920.  See Alflex Corp. v. Underwriters Labs.,
     Inc., 914 F.2d 175, 177-78 (9th Cir. 1990); see also Crawford
26   Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442(1987).
     Section 1920 permits the taxing of costs for various items,
27   such as deposition transcripts and copying of papers, if they
     are "necessarily obtained for use in the case."  28 U.S.C. §
28   1920.

                                    1

1  postage/messenger costs.  The contractual provision upon which
2  Plaintiff relies states that the "prevailing party in any
3  legal action ... shall be entitled ... to reimbursement for
4  its costs and expense [sic] (including court costs and
5  reasonable fees for attorneys and expert witnesses) incurred
6  with respect to the bringing and maintaining of any such
7  action."

8      Because Plaintiff is relying on the parties' contract in
9  order to recover costs beyond those permitted under 28 U.S.C.
10 § 1920, California law governs.  When sitting in its diversity
11 jurisdiction, a federal court must follow the substantive law
12 as derived from the state's statutes and the state's highest
13 court decisions.  See Vernon v. City of Los Angeles, 27 F.3d
14 1385, 1391 (9th Cir. 1994).  In determining state law where
15 the state's highest court has not yet ruled on an issue, a
16 federal court may consider state appellate court opinions,
17 statutes and treatises to "determine what result the state
18 supreme court would reach."  Id. (citations omitted).  The
19 California Supreme Court has not yet ruled on whether a
20 prevailing party may recover out-of-pocket expenses such as
21 expert fees, postage and telephone/photocopying charges
22 pursuant to contract (see Davis v. KGO-T.V., 17 Cal. 4th 436,
23 446 fn. 5 (1998)), and there is a split of appellate authority
24 on this issue.  One appellate court has allowed counsel's
25 out-of-pocket costs to be recovered from the prevailing party,
26 even items specifically not allowable as costs under Code Civ.
27 Proc. § 1033.5(b).  See Bussey v. Affleck, 225 Cal. App. 3d
28

2

1    1162, 1165, 1167 (1990).[2]  Another court has limited recovery

2    to statutory costs.  See Ripley v. Pappadopoulos, 23 Cal. App.

3    4th 1616, 1619 (1994).[3]

4         While an undefined general contractual provision

5    entitling a prevailing party to "reasonable attorneys' fees

6    and costs" may not extend to expert fees, that is not the

7    situation presented here.  Here, the parties negotiated and

8    entered into a contract that entitles the prevailing party "to

9    reimbursement for its costs and expense [sic] (including court

10   costs and reasonable fees for attorneys and expert witnesses)

11   ... ."  Unlike the contracts in Ripley and Bussey and other

12   reported cases, this contract expressly allows for recovery of

13

14        [2]   In Bussey, the trial court refused to allow recovery
     of expert witness fees to a prevailing plaintiff.  The Court of
15   Appeal reversed, concluding that where a contract between the
     parties provides for the payment of costs and attorney fees,
16   expenses of experts paid by counsel may be recovered as
     attorney fees if they represent an expense ordinarily billed to
17   a client rather than an overhead component of the attorney's
     hourly rate.  Id. at 1166.
18
          [3]   In Ripley, the court disagreed with Bussey and
19   concluded instead that because the express provisions of
     section 1033.5 do not allow for recovery of expert witness
20   expenses as costs, except where the expert was ordered by the
     court, such costs are not recoverable.  Ripley, 23 Cal. App.
21   4th at 1624-25.  Nearly every subsequent reported decision
     considering the issue has followed Ripley and rejected Bussey,
22   concluding that "contractual costs provisions are presumed to
     adopt the statutory definition [contained in section 1033.5]
23   absent evidence to the contrary."  Hsu v. Semiconductor
     Systems, Inc., 126 Cal. App. 4th 1330, 1341-1342 (2005); see
24   also Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.,
     47 Cal. App. 4th 464, 491-492 (1996); Fairchild v. Park, 90
25   Cal. App. 4th 919, 931 (2001); Steiny & Co. v. California
     Electric Supply Co., 79 Cal. App. 4th 285, 293-294 (2000);
26   First Nationwide Bank v. Mountain Cascade, Inc., 77 Cal. App.
     4th 871, 878 (2000); Robert L. Cloud & Associates, Inc. v.
27   Mikesell, 69 Cal. App. 4th 1141, 1154 (1999); California
     Housing Finance Agency v. E.R. Fairway Associates I, 37 Cal.
28   App. 4th 1508, 1514-1515 (1995).

                                  3

1  expert fees.  There is thus no concern, as expressed by

2  Ripley and other courts, of conflating attorney fees with

3  expert fees.  Cf. Hsu v. Semiconductor Systems, Inc., 126 Cal.

4  App. 4th 1330, 1342 (2005) ("Nor may the disputed costs be

5  awarded to plaintiff as an element of attorney fees under the

6  rationale that the expenses were disbursed by the attorneys in

7  the course of litigation.").[4]  I therefore find that Plaintiff

8  is entitled to recover the costs of its expert witnesses

9  pursuant to the parties' contract, which specifically itemizes

10  reasonable expert witness fees as a recoverable expense.

11       With respect to the other costs sought by Plaintiff, I

12  choose to follow Bussey for a number of reasons.  First, it is

13  the better reasoned case.  As the Supreme Court has recognized

14  on many occasions, parties are free to enter into contracts

15  which shift attorneys' fees and costs to the prevailing party.

16  See, e.g., Alyeska Pipeline Co. v. Wilderness Society, 421

17  U.S. 240, 257 (1975); Fleischmann Distilling Corp. v. Maier

18  Brewing Co., 386 U.S. 714, 717 (1967).  To construe a

19  provision which expressly permits the prevailing party to

20  recover costs in addition to court costs as limiting the

21  prevailing party to statutorily recoverable court costs would

22  undermine this long standing rule for no apparent purpose.  I

23  agree with the Bussey court that to prevent parties from so

24  contracting would "impair the effectiveness of contractual ...

25  _____

26       [4]    Indeed, given the express itemization of expert
   witness fees in this contract as a recoverable expense separate
27  and apart from attorneys' fees, the parties perhaps drafted
   this provision to contract around the issues presented in
28  Ripley.

4

costs provisions and prevent the prevailing party from being
made whole." Bussey, 225 Cal. App. 3d at 1166; see also
Arntz, 47 Cal. App. 4th at 491-92 ("While it is reasonable to
interpret a general contractual cost provision by reference to
an established statutory definition of costs, we do not
discern any legislative intent to prevent sophisticated
parties from freely choosing a broader standard authorizing
recovery of reasonable litigation charges and expenses."). A
rule that limits parties that incorporate express cost-
shifting provisions in their contracts, to the costs permitted
by section 1033.5 would negate the contract provision, since
the prevailing party is already entitled to statutory taxable
costs.

Second, permitting parties to contract for reimbursement
of reasonable litigation costs beyond those authorized by
statute is consistent with federal law. See, eg., In re Media
Vision Tech. Sec. Litig, 913 F. Supp. 1362, 1366 (N.D. Cal.
1995) (costs and expenses "are subject to a test of relevance
and reasonableness in amount . . . . The judge must look at
the practical and reasonable needs of the party in the context
of the litigation."); see also In re Immune Response Sec.
Litig., 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal. 2007)
(awarding expenses for travel costs, filing fees, photocopies,
messenger services, and computerized legal research).
Finally, as stated above, the cost provision in this contract
is broader than the provisions in Ripley and Bussey, and
therefore also supports an award of reasonable costs beyond
those costs itemized in section 1033.5.

Defendants also contend that Plaintiff may not recover non-taxable costs because it did not prove them at trial as damages, citing Hsu and Arntz.  To apply these cases outside the context of an indemnification action such as Arntz, is unsound.  In a suit for breach of a contractual indemnification provision, in which the plaintiff seeks to recover litigation costs incurred because of the breach as an element of damages, it makes sense for costs to be proven at trial.  But in cases such as this one, where reimbursement hinges on which party is the "prevailing party," requiring costs to be pleaded and proven at trial would waste judicial resources and inject confusion because both parties would be required to put on evidence of their respective costs.[5] Again, this contract – negotiated and executed by sophisticated parties – includes specific language entitling the prevailing party to reasonable costs and expenses (including court costs and reasonable expert and attorney fees).  Since the contract clearly distinguishes between the recovery of attorney fees and the recovery of costs, there is no risk of an "unwarranted conflation of fees and costs." Hsu, 126 Cal. App. 4th at 1342.  Plaintiff should be entitled to recover its reasonable costs of litigation because they "represent expenses ordinarily billed to a client and are not

---

[5]   Moreover, the procedure for obtaining attorneys' fees and costs when those amounts are not being sought as an element of damages is by way of a memorandum of costs, which is timely so long as submitted no more than 10 days after entry of the judgment.  See Cal. Rules Ct., Rule 3.1700(a)(1); Cal. Code Civ. Proc. §§ 1033, 1034(a); see also Silverado Modjeska Recreation & Park Dist. v. County of Orange, 197 Cal. App. 4th 282 (2011).

1   included in the overhead component of counsel's hourly rate."

2   Bussey, 225 Cal. App. 3d at 1166.

3       **IT IS THEREFORE ORDERED** that, Plaintiff is entitled to

4   recover nontaxable costs in the amount of $33,231.90.[6]

5   Dated: January 20, 2012

6   _____

7                   Bernard Zimmerman
               United States Magistrate Judge

8

9   G:\BZALL\-BZCASES\CATAPHORA V. PARKER\ORDER ON NONTAXABLE COSTS.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 _____

28      [6]    Defendants did not challenge any specific cost as
    unreasonable.

                                7