UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATAPHORA INC., ) | |
| ) | |
| Plaintiff(s), ) | No. C09-5749 BZ |
| ) | |
| v. ) | **ORDER AWARDING ATTORNEY'S** |
| ) | **FEES** |
| JERROLD SETH PARKER, et al., ) | |
| ) | |
| Defendant(s). ) | |

Plaintiff seeks an additional $ 134,500.00 in attorney's fees for 269 hours of work related to the parties' post-trial motions and both of Plaintiff's fee motions.[1] Defendants contend that the present motion should be denied in full due to its overreaching nature. Alternatively, Defendants ask me to reduce the amount requested, and object to various time entries submitted by Plaintiff's counsel on the grounds that the fees are neither reasonable nor necessary.[2]

---

[1] Plaintiff has already received $ 734,095.00 in attorney's fees as the "prevailing party" under California Civil Code section 1717. (Docket No. 315.)

[2] Defendants do not dispute the reasonableness of the hourly rate charged by Plaintiff's counsel.

1

**FEES RELATED TO DEFENDANTS' RULE 50 MOTIONS**

Defendants object to Plaintiff recovering additional fees on the grounds that any additional recovery would be "grossly excessive" in relation to the jury verdict. (Def. Opp. Br. p. 5.) Defendants made a similar argument in their brief opposing Plaintiff's prior fee request, stating, as they do again here, that this was a "simple brief of contract action" and that an award of nearly $900,000 in fees would be excessive. (Id.)

Throughout this litigation, Defendants have regularly relitigated issues which I had previously determined as a matter of law. For example, Defendants' Rule 50 motions argued that Defendants could not be found liable for breach of contract because no contract had ever been formed. But the issue of whether there was a binding contract between the parties was resolved when I denied Plaintiff's motion for summary judgment (Docket No. 83). Likewise, Defendants' Rule 50 motions argued that Plaintiff was not entitled to lost profits under the doctrines of mistake and fraud. But these affirmative defenses were not part of the claims submitted to the jury because Defendants never attempted to amend their answer to include these defenses until after the close of evidence (at which time I denied their request as untimely). Defendants insistence on filing post-trial motions that repeated arguments resolved during summary judgment or at the pretrial conference unreasonably multiplied the litigation, and Plaintiff cannot be faulted for incurring fees related to opposing these motions. While Defendants did raise some new

2

issues in their Rule 50 motions, such as whether there was sufficient evidence for the jury to determine the certainty of Plaintiff's lost profits, the import of the relief sought by Defendants in their post-trial motions would have been to eliminate the jury's verdict and any fees claimed by Plaintiff. Thus, once again, I cannot fault Plaintiff for opposing these motions vigorously. See, e.g., Int'l Longshoremen's & Warehousemen's Union v. L.A. Export Terminal, Inc., 69 Cal. App. 4th 287, 304 (1999) (a defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.").

Nevertheless, given the repetition of the arguments presented in the post-trial motions, an adjustment to the hours claimed by Plaintiff is warranted. See PLCM Group, Inc. v. Drexler, 22 Cal.4th 1084, 1095–1096 (2000) (the amount of attorneys' fees is within the sound discretion of the trial court). For example, Defendants point out that Plaintiff's counsel spent over 28 hours preparing for oral argument on the post-trial motions. (See Declaration of William Webb Farrer ("Farrer Decl.") Ex. D.) In light of the fact that these issues had been exhausted both on summary judgment and via various *in limine* motions, Mr. Farrer's dedication of almost a week's worth of time to preparing for oral argument on issues with which he had a great deal of familiarity seems excessive. This is particularly true given that the billing records suggest that at least 16 hours were used to prepare an oral argument outline. (Id.) Dedicating 16 hours to preparing an outline for a short hearing on motions which had been more

3

then fully briefed, and with which counsel was very familiar, seems unreasonable.

Mr. Farrer also billed more than 130 hours for tasks related to opposing Defendants' post-trial motions, including legal research and time spent drafting the opposition brief. Again, given that many of the issues briefed in the post-trial motions were repetitive of issues that had come up earlier in the case, 130 hours of work to oppose Defendants' motions seems excessive. I therefore exercise my judgment and reduce Plaintiff's fee request for work performed on the Rule 50 motions by fifty precent, from 161 hours (see Pl. Reply Br. p. 1) to 80.5 hours.

**FEES FOR UNSUCCESSFUL PREJUDGMENT INTEREST MOTION**

Defendants argue that Plaintiff should not receive fees for preparing its unsuccessful motion for prejudgement interest. While a prevailing party is normally entitled to compensation for all hours reasonably spent on the litigation (see Serrano v. Unruh, 32 Cal. 3d 621, 639 (1982)), and recovery does not necessarily hinge upon the success or failure of one particular motion, Plaintiff has agreed to reduce its hours by 7.7 for time spent on tasks related to its unsuccessful prejudgment interest motion.[3] (Pl.'s Reply Br. p. 8.)

**FEES FOR UNSUCCESSFUL SETTLEMENT DISCUSSIONS**

Defendants next argue that Plaintiff's fee request should be reduced by 3.7 hours for time billed to unsuccessful

---

[3] The 269 hours sought by Plaintiff factors in this voluntary reduction.

4

settlement efforts. I disagree. Parties should be encouraged to settle their disputes, and the time billed by Mr. Farrer in an attempt to settle the parties' disputes, which would have vitiated any need to engage in post-trial briefing or an appeal, was a worthy effort and consistent with our local rules. I therefore decline to reduce Plaintiff's fee request on this basis.

**FEES FOR PREPARING MOTION FOR ATTORNEY'S FEES**

While Defendants do not challenge Plaintiff's request for "fees on fees" (*i.e.*, fees for time spent litigating the fees motions), I find that a reduction in time is warranted. Mr. Farrer spent a total of 48.2 hours "researching and preparing [the instant motion], reviewing and researching Defendants' opposition and preparing [a] reply." (Pl.'s Reply Br. p. 1.)

Preparing a fee motion is a relatively simple process, particularly where, as here, Plaintiff had already once prepared such a motion, and there were no unique or difficult issues on the second go-round. I am troubled that despite the lack of any new issues having been raised, Mr. Farrer nevertheless billed *more time* to the present fee motion (48.2) than he did to his prior fee motion (43.6). (Pl.'s Reply Br. p. 1.)[4] I therefore find that a reduction is warranted to account for the excessiveness of Plaintiff's second fees on fees request, and reduce the request by fifty percent, from 48 hours to 24 hours. See Drexler, 22 Cal. 4th at 1095.

---

[4] I am also troubled by the fact that while Defendants' opposition to Plaintiff's motion was only 7 pages long, Plaintiff's reply was 19 pages long (8 pages longer than its moving brief).

5

**CONCLUSION**

For the reasons stated above, **IT IS ORDERED** that Plaintiff is awarded $80,750.00 in fees for 161.5 hours of work at $500 per hour. Pursuant to Local Rule 7-1(b), the court further determines that this motion is suitable for decision without oral argument and **VACATES** the hearing.[5]

Dated: March 2, 2012

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\CATAPHORA V. PARKER\POST TRIAL MOTIONS\ORDER ON PS SECOND MOT FOR ATTORNEYS FEES.wpd

---

[5] As part of Plaintiff's fee request, Plaintiff estimated an additional 3 hours to prepare for and attend the hearing on this motion. Given that I have vacated the hearing, these three hours were subtracted from Plaintiff's fee request and this reduction is reflected in the amount awarded above.

6